PER CURIAM.
This is an appeal from an order denying appellant’s petition for mandamus filed in the circuit court. Appellant, a prisoner in Marion Correctional Institution, contends that when the institution’s mail room officer discovered a $100 bill concealed in a Christmas card sent to appellant by his brother, the money was unlawfully confiscated as contraband and wrongfully deposited in the inmate welfare trust fund rather than being returned to the sender or deposited in appellant’s account as required by rule 33-3.004(11), Florida Administrative Code. Appellant’s petition for mandamus seeks to have the money either returned to the sender or deposited in his account at the prison.
Rule 33-3.006, relied on by the Department in ruling the money was contraband subject to confiscation, prohibits any money to be “given directly to or received by any inmate” without authorization of the superintendent or his designated representative, and provides that any money in excess of a certain sum ($25 or $30 depending on the institution) “found in the possession of an inmate ... shall be considered contraband and shall be confiscated and deposited in the Inmate Welfare Trust Fund.” It is perfectly clear that this rule contemplates direct delivery to or receipt by an inmate and physical possession of the money by the inmate as a predicate for declaring it contraband subject to confiscation. We find no ambiguity in the language of the rule and thus need not resort to rules of construction in arriving at this clear meaning. Here, the $100 bill was not delivered directly to appellant but went directly to the mail room where it was discovered concealed in the card before being delivered to appellant and placed in his possession.[1] For this reason, the department erred in confiscating the money as illegal contraband under rule 33-3.006(5)(a) and depositing it in the inmate welfare trust fund. Rather, the Department should have treated the money in accordance with rules 33-3.006(7)(e)[2] and 33.-3.004(11)[3] and returned it to the sender or allowed appellant to make arrangements to do so. The Department’s reliance on Marion Correctional Institution’s written operating procedures pertaining to contraband is unavailing. Those written operating procedures must be construed and applied consistently with the Department’s cited rules *1090 found in the Florida Administrative Code, and so construed and applied in this case they do not require a different result.
Accordingly, upon discovery of the $100 bill in the mail to appellant, it became incumbent upon the Department to comply with the cited rules and either return the money to the sender or notify appellant and allow him to make such arrangements within 30 days. This being a mere ministerial duty, the Department’s dereliction is subject to remedy by mandamus. The appealed order is reversed and this cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
SHIVERS and ZEHMER, JJ„ concur.
JO ANOS, C.J., dissents with opinion.

. There was no evidence regarding the brother’s intent to violate prison regulations in concealing the money between the back of the card. For aught that appears, that may have been done simply to avoid loss through pilferage while being handled as mail. Hence, the case must be judged solely on the presence of the money in the card.

. This subpart of the rule provides:
If the items of contraband are detected in the mail, that are not of any illegal nature, the institution finding the contraband will provide the sender and addressee a receipt for the property. The property shall be held by the institution for 30 days. It shall be the responsibility of the inmate to make arrangements to have the property picked up by an approved visitor or sent to a relative or friend, at no cost to the State in accordance with the provisions of Department rules relating to inmate property.

.This rule provides:
Cashier’s checks, certified bank drafts and money orders found in incoming mail shall be deposited in the Inmate Trust Fund. Cash and uncertified bank drafts will not be accepted and will be returned to the sender. The Department is not responsible for any cash sent through the mail.