PER CURIAM.
Appellant is an inmate at New River Correctional Institution. His wife mailed him a total of $100 in cash, all in five dollar bills, in four Easter cards, which he alleged was confiscated in the mail room. Appellant filed a petition for a writ of mandamus naming the Department of Corrections (“Department”) as respondent, alleging that he was unaware of the concealment of the cash in the cards. He further alleged that, although he had asked his wife to send money, he did not ask her to send cash. He further alleged he was told the money was contraband and that it had been confiscated and placed in the prisoner welfare fund. He sought to have the money either placed in his inmate account or returned to his wife. In his petition, appellant cited Exum v. Dugger, 591 So.2d 1088 (Fla. 1st DCA 1992). The trial court denied the petition.
In Exum, an inmate petitioned for a writ of mandamus, contending that the Department unlawfully confiscated a $100 bill discovered in a Christmas card sent by the inmate’s brother. The Department, after discovering the cash in the mail room, confiscated it as contraband and placed it in the inmate welfare fund pursuant to rule 33-3.006(5)(a), Florida Administrative Code. Interpreting rule 33-3.006,[1] this court held the cash was not contraband, because the rule “contemplates direct delivery to or receipt by an inmate and physical possession of the money by the inmate as a predicate for declaring it contraband subject to confiscation.” 591 So.2d at 1089. This court further determined that the Department “should have treated the money in accordance with rules 33-3.006(7)(e) and 33-3.004(11) and returned it to the sender or allowed appellant to make arrangements to do so.” Id. Finally, the court said that because compliance with these rules was a mere ministerial duty, mandamus was an appropriate remedy.
Mandamus is a “remedy to command performance of a ministerial act that the person deprived has a right to demand or a remedy by which public officials or agencies may be coerced to perform ministerial duties that they have a clear legal duty to perform.” 35 Fla.Jur.2d “Mandamus and Prohibition” § 2. In addition to a mere ministerial duty on the part of the respondent, the petitioner must “have a specific legal right for the enjoyment, protection, or redress of which the discharge of that duty is necessary.” Id. at § 25. “[M]andamus issues only on the showing of a clear legal right to compel the performance of an indisputable duty.” Id.
In the Exum opinion, the court determined that the Department had a mere ministerial duty to comply with its rules and either return the cash to the sender or allow the inmate to arrange to have it returned. The court did not specifically address the prisoner’s standing, or his clear legal right, to seek mandamus to compel the Department to comply with its rules under the particular circumstances of the case. In the instant case, we have considered whether appellant has a clear legal right to performance under either rule 33-3.006(7)(e) or rule 33-3.004(11).
Rule 33-3.006 generally relates to the control of contraband. Subsection (7) governs the disposition of contraband. Rule 33-3.006(7)(e) provides:
If items of contraband are detected in the mail, that are not of any illegal nature, the institution finding the contraband will provide the sender and addressee a receipt for the property. The property shall be held by the institution for 30 days. It shall be *518 the responsibility of the inmate to make arrangements to have the property picked up by an approved visitor or sent to a relative or friend, at no cost to the State in accordance with the provisions of Department rules relating to inmate property.
Since the cash in question is not contraband, rule 33-3.006(7)(e) does not control; this is not a case in which the inmate must be given an opportunity to make arrangements for the disposition of the property.
Rule 33-3.004 governs routine mail. Rule 33-3.004(11) provides:
Cashiers cheeks, certified bank drafts and money orders found in the incoming mail shall be deposited in the inmate’s account in the Inmate Trust Fund. Cash and un-certified bank drafts will not be accepted and will be returned to the sender. The department is not responsible for any cash sent through the mail.
The latter rule governs the instant situation. It sets forth the Department’s duty to return cash to the sender. The person with a clear legal right to the return of the cash pursuant to this rule is the sender, however, not the inmate. In this case, appellant has shown no mere ministerial duty of the Department with a corresponding clear legal right on his part. We therefore conclude that appellant cannot proceed by way of mandamus in the instant case. We distinguish Exum on the basis that the issue of the inmate’s clear legal right was not specifically addressed in that case.
AFFIRMED.
JOANOS, KAHN and WEBSTER, JJ., concur.

. Rule 33-3.006 generally governs control of contraband. Rule 33-3.006(5)(a) provides:
No money shall be given directly to or received by any inmate unless authorized by the superintendent, officer-in-charge, or his designated representative.... Any money found in the possession of an inmate in excess of $35 in major institutions, work camps, vocational centers and drug treatment centers, and $40 in community correctional' centers shall be considered contraband and shall be confiscated and deposited in the inmate welfare trust fund. All paper currency in an inmate’s possession must be in denominations of $1 or $5 bills.